Brandon A. Rotbart, Esq., Of Counsel
FL Bar No. 124771
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
rotbart@robtbartlaw.com

M. J. Stephen Fox, Esq. (P32456)
FOX & ASSOCIATES
2536 Red Clover Dr. SE
Ada, MI 49301
(616) 676-4300
foxlawfirm@aol.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RUDOLPH BETANCOURT, Individually, | : : : |
| Plaintiff, | : : |
| | : Case No. |
| vs. | : : |
| | : Magistrate Judge |
| LABELLE LIMITED PARTNERSHIP, a Michigan Limited Partnership, and LABELLE MANAGEMENT, INC., a Michigan Corporation, | : : : : |
| Defendants._____/ | |

# COMPLAINT

Plaintiff, RUDOLPH BETANCOURT, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes

referred to as "Plaintiff"), hereby sues the Defendants, LABELLE LIMITED PARTNERSHIP, a Michigan Limited Partnership, and LABELLE MANAGEMENT, INC., a Michigan Corporation, (sometimes referred to as "Defendants"), for Injunctive Relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., ("ADA"), and the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1301, et seq.

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 USC § 12181, et seq.

1. Plaintiff, Rudolph Betancourt, is an individual residing in Fenwick, MI, in the County of Montcalm.

2. Defendants' property, Fairfield Inn & Suites Mount Pleasant, is located at 2525 S. University Park Dr., Mt. Pleasant, MI 48858, in County of Isabella.

3. Defendant Labelle Limited Partnership, owns the real property where the Fairfield Inn & Suites Mount Pleasant is located.

4. Defendant Labelle Management, Inc., operates the Fairfield Inn & Suites Mount Pleasant.

5. Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs.

2

6. The Defendants' property is located in and does business within this judicial district.

7. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. *See also*, 28 U.S.C. § 2201 and § 2202. The court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 27 U.S.C. § 1367.

8. Plaintiff Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

9. Mr. Betancourt is a double amputee and uses both a prosthetic device and a wheelchair to ambulate.

10. Mr. Betancourt travels to Mt. Pleasant, Michigan, and stays there before he goes shopping in the area.

11. The subject property is approximately 1 hour from his house.

12. Rudolph Betancourt has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in this Complaint.

13. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

14. Mr. Betancourt desires to visit Fairfield by Marriott Mount Pleasant as soon as it is made accessible, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

16. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

17. A preliminary inspection of Fairfield by Marriott Mount Pleasant has shown that violations exist.

18. These violations, which were encountered or observed by Plaintiff, and which were verified by an ADA expert, include but are not limited to:

**Accessible Routes**

19. The curb ramp at the accessible parking does not provide a level landing at the top and has a slope that exceeds 8.33%.

4

20. This makes it difficult for the Plaintiff to traverse.

21. The foregoing is in violation of Section 406.4 in the 2010 ADA Standards.

22. The remediation of the foregoing ADA violation is readily achievable.

23. The walkway on the accessible route from the accessible parking to the main lobby entrance has vertical changes in level that exceeds the maximum requirement of ¼ inch.

24. This makes it difficult for the Plaintiff to traverse.

25. The foregoing is in violation of Sections 303.2 and 403.4 in the 2010 ADA Standards.

26. The remediation of the foregoing ADA violation is readily achievable.

**Parking**

27. There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone.

28. This makes it difficult for the Plaintiff to safely traverse to the lobby.

29. The foregoing is in violation of Sections 503.3 and 503.3.3 of the 2010 ADA Standards.

30. The remediation of the foregoing ADA violation is readily achievable.

**Common-Lobby Area**

31. The counter seating to consume food or drinks exceeds the maximum

height requirement of 34 inches above the finish floor to the top of the table surface.

32. This makes it difficult for the Plaintiff to utilize.

33. The foregoing is in violation of Section 902.3 of the 2010 ADA Standards.

34. The remediation of the foregoing ADA violation is readily achievable.

35. The tables do not provide compliant knee and toe clearance as required.

36. This makes it difficult for the Plaintiff to utilize.

37. The foregoing is in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards.

38. The remediation of the foregoing ADA violation is readily achievable.

39. The dining area does not provide at least 5% of compliant seating as required.

40. This makes it difficult for the Plaintiff to utilize.

41. The foregoing is in violation of Section 226.1 in the 2010 ADA Standards.

42. The remediation of the foregoing ADA violation is readily achievable.

43. The cups for the waffle mix, the waffle maker's operable mechanism, the juice dispenser's operable mechanism and the plastic silverware exceed the

maximum height requirement of 48 inches above the finish floor.

44. This makes it difficult for the Plaintiff to utilize.

45. The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

46. The remediation of the foregoing ADA violation is readily achievable.

**Accessible Guest Room 219**

47. The curtain's operable mechanism exceeds the maximum height requirement of 48 inches above the finish floor.

48. This makes it difficult for the Plaintiff to utilize.

49. The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

50. The remediation of the foregoing ADA violation is readily achievable.

51. The nightstand is obstructing the clear floor space for an approach to the lamp's operable mechanism.

52. This makes it difficult for the Plaintiff to utilize.

53. The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

54. The remediation of the foregoing ADA violation is readily achievable.

55. The toilet paper dispenser and the vertical are obstructing the 12 inches of spacing above the side wall grab bar.

56. This makes it difficult for the Plaintiff to utilize.

57. The foregoing is in violation of Section 609.3 in the 2010 ADA Standards.

58. The remediation of the foregoing ADA violation is readily achievable.

59. The toilet paper dispenser is not in the compliant range from the front rim of the toilet of 7 inches minimum and 9 inches maximum.

60. This makes it difficult for the Plaintiff to utilize.

61. The foregoing is in violation of Section 604.7 in the 2010 ADA Standards.

62. The remediation of the foregoing ADA violation is readily achievable.

63. The toilet paper on the water tank is obstructing the 1 ½ inches of spacing below the rear wall grab bar.

64. This makes it difficult for the Plaintiff to utilize.

65. The foregoing is in violation of Section 609.3 in the 2010 ADA Standards.

66. The remediation of the foregoing ADA violation is readily achievable.

67. The lavatory does not provide compliant 27 inches of knee clearance due to the obstruction of the lavatory's apron.

68. This makes it difficult for the Plaintiff to utilize.

69. The foregoing is in violation of Sections 306.3 and 606.2 in the 2010

ADA Standards.

70. The remediation of the foregoing ADA violation is readily achievable.

71. The lavatory has exposed non-insulated water supply lines and pipes.

72. This makes it difficult for the Plaintiff to utilize without caution.

73. The foregoing is in violation of Section 609.5 in the 2010 ADA Standards.

74. The remediation of the foregoing ADA violation is readily achievable.

75. The trash receptacle and the lavatory are obstructing the toilet's 60 inches of perpendicular clearance from the side wall.

76. This makes it difficult for the Plaintiff to utilize.

77. The foregoing is in violation of Sections 604.3.1 and 604.3.2 in the 2010 ADA Standards.

78. The remediation of the foregoing ADA violation is readily achievable.

79. The standard roll-in shower does not provide a compliant permanent folding seat.

80. This makes it difficult for the Plaintiff to utilize.

81. The foregoing is in violation of Sections 608.4 and 610.3 in the 2010 ADA Standards.

82. The remediation of the foregoing ADA violation is readily achievable.

83. The standard roll-in shower with a permanent seat does not provide

controls that are in the compliant location on the back wall as required.

84. This makes it difficult for the Plaintiff to utilize.

85. The foregoing is in violation of Section 608.5.2 in the 2010 ADA Standards.

86. The remediation of the foregoing ADA violation is readily achievable.

87. The standard roll-in shower has a threshold that exceeds the maximum height allowance of ½ inch.

88. This makes it difficult for the Plaintiff to transfer.

89. The foregoing is in violation of Section 608.7 in the 2010 Standards, whose resolution is readily achievable.

90. The roll-in shower does not provide a shower spray unit with a hose 59 inches long minimum with an on/off control and a non-positive shut-off.

91. This makes it difficult for the Plaintiff to utilize.

92. The foregoing is in violation of Section 608.6 in the 2010 ADA Standards.

93. The remediation of the foregoing ADA violation is readily achievable.

94. The soap dispenser exceeds the maximum height requirement of 48 inches above the finish floor.

95. This makes it difficult for the Plaintiff to utilize.

96. The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in

the 2010 ADA Standards.

97. The remediation of the foregoing ADA violation is readily achievable.

**Lack of Compliant Disabled Rooms Properly Disbursed**

98. The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations.

99. The foregoing is in violation of Section 224.2 of the ADA Standards for Accessible Design.

**Maintenance**

100. The accessible features of the facility are not maintained.

101. This creates barriers to access for the Plaintiff, as set forth herein.

102. The foregoing is in violation of 28 CFR §36.211.

103. The remediation of the foregoing ADA violation is readily achievable.

104. The discriminatory violations described above are not an exclusive list of the Defendants' ADA violations.

105. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

106. The Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and

activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

107. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

108. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

109. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.

110. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts

12

that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

111. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

112. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

113. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

114. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

115. All other conditions precedent have been met by Plaintiff or waived by the Defendants.

116. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

117. Furthermore, the public interest would not be disserved by a permanent injunction.

118. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

119. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Fairfield by Marriott Mount Pleasant to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

e. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendants to maintain its accessible features.

## COUNT II
## VIOLATION OF MICHIGAN
## PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## MCL 37.1301, et seq.

120. Plaintiff restates the allegations of Paragraphs 1 through 119 as if fully rewritten herein.

121. The subject property is a "place of public accommodation" pursuant to MCL 37.1301(a).

122. Defendants committed an unlawful act pursuant to MCL 37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges by failing to provide equal access to people with mobility impairments.

123. Pursuant to MCL 37.1606, Plaintiff is entitled to compensatory damages, and attorneys' fees and costs, in an amount to be determined at trial, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands:

a. Compensatory damages, attorney's fees, expert fees, and costs, in an amount to be determined at trial; and

b.  Issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully submitted,

*/s/ M. J. Stephen Fox/*
M. J. Stephen Fox, Esq. (P32456)
FOX & ASSOCIATES
2536 Red Clover Dr. SE
Ada, MI 49301
(616) 676-4300
foxlawfirm@aol.com

Brandon A. Rotbart, Esq., Of Counsel
FL Bar No. 124771
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
rotbart@robtbartlaw.com

Attorneys for Plaintiff